No. 70.—HENRY JOHNSON, plaintiff in error, *vs.* ROWLAND KINSEY, defendant.

[1.] One of the methods of impeaching a witness is, by proving that he has made statements out of Court, contrary to what he has testified at the trial. But before this can be done, the witness must be first asked, himself, upon cross-examination or upon a direct examination, at the instance of the party who seeks to bring his credit into question, whether or no he has said or declared that which is intended to be proved.*

[2.] It is wrong in the Court, in summing up to the Jury, to select one piece of evidence and express a strong and decided opinion respecting it. Either the *whole* testimony should be presented, or else the duty had better be altogether omitted.

Case for deceit, Floyd Superior Court. Tried before Judge WRIGHT, July 4, 1849.

This was an action of deceit, for falsely representing a note to be solvent, and thereby inducing the plaintiff below, (Kinsey,) to purchase it from John S. Johnson, son of the defendant below.

On the trial, the plaintiff below, Rowland Kinsey, offered in evidence an exemplification of the record of the suit brought by himself on the note purchased, with the execution and entry of "*nulla bona*" thereon, The defendant below objected to the evidence as proof of the note, and insisted that the original should be produced. The Court overruled the motion, and defendant excepted.

NOTE.—See *ante Williams vs. Turner and another.*

Plaintiff then offered in evidence a bond, by the agent of D. R. Mitchell, to make titles to certain tracts of land, the consideration paid for the note. On this bond was a transfer to Henry Johnson, witnessed by Adrian Johnson. The plaintiff proved the execution of the bond, but did not prove the execution of the transfer. Defendant objected to the bond as evidence, until the execution of the transfer was proven. The Court overruled the objection and defendant excepted.

Mary Johnson, examined by commission in behalf of the defendant, in answer to the general question, to "relate all she knew in favor of defendant," said "that plaintiff, Kinsey, had offered her a horse and a tract of land, to swear that Johnson recommended the note to be good, at the time of the trade." Plaintiff offered the depositions of Nancy Kinnemore, to prove that Mary Johnson had made contradictory statements, as to the person who offered her a bribe to swear a lie.

This evidence was admitted by the Court, and defendant excepted.

The Court charged, among other things, "that there was one circumstance in the case that made a strong impression on the mind of the Court; and though not conclusive, it was a strong circumstance of fraud; that the defendant seemed to be the beneficiary of the trade; he got the land, the consideration of the note."

To this charge defendant excepted.

On these several exceptions error has been assigned.

W. H. UNDERWOOD and AKIN, for plaintiff in error.

HOOPER & SHACKLEFORD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We deem it unnecessary to go into the reasons for sustaining the Court, as we do, upon the *first* and *second* grounds in the bill of exceptions. And the only point respecting which we feel it to be our duty to express an opinion at length is, as to the admissibility of the testimony of Nancy Kinnemore, to impeach the credit of Mary Johnson.

[1.] The latter witness had given material evidence for the defendant; and the object of the plaintiff was to discredit her,

by proving that she had made statements out of Court, contrary to what she had testified to on the trial. It is contended, that before the credit of the witness can be impeached in this way, the witness herself must first be asked, upon cross-examination, whether or no he has said or declared that which is intended to be proved. This practice, after the subject had undergone the most thorough discussion in the Queen's case, was settled to be law by the unanimous opinion of the Judges; and it was one to which they held there was no exception. And in this country, with the exception of Maine and Massachusetts, the same course has been uniformly adopted. And Mr. Justice *Cowen*, in his note on *Phillips' Evidence*, (*vol. 2, p.* 774,) and Mr. *Starkie*, (1 *Stark. Ev.* 484,) both state striking cases to illustrate the justice and propriety of the rule.

But the difficulty presented in this case, is one which can never occur in the *viva voce* examination of a witness. The depositions of Mary Johnson were taken under the provisions of our Statute. And the statements which she made, and which are now sought to be attacked, came out in answer to the general interrogatory, to state all she knew that would make in favor of the party taking her testimony. There was, therefore, nothing in the questions propounded, to apprize the other side of the disclosures made. What then is to be done? Shall the rule be abandoned in such a case? We think not. Common justice to the witness attempted to be inculpated, forbids it. The practice we propose to establish, is this: For the party against whom the proof operates, so soon as he comes to the knowledge of what the witness has sworn, to re-examine the witness under another commission, taken out at his instance, calling his attention to these contradictory statements, so as to give him an opportunity to recollect the facts and correct the statements already made. If, when thus asked, whether or no he has said or declared that which is intended to be proved, he admits the words imputed to him, further proof of them will become, of course, unnecessary; and the witness shall have an opportunity, as he always should have, to give all the explanations which the facts may furnish. If he denies the statements, the party taking out the commission will not be bound by the answers, of course; but on the contrary, he will be allowed, because he has now laid the proper foundation for it, to contradict and falsify the testimony; and his impeaching evidence will

be admitted for that purpose. Thus, the rule of law, founded both in wisdom and humanity, will be preserved, and the adverse party protected at the same time, from the surprise of which he might justly complain, were he not permitted, in this or in some other way, to rebut it.

[2.] The Court, in its charge to the Jury, after stating the law of the case, proceeded to remark—" That there was one fact in the case which made a strong impression on the mind of the Court; and although not conclusive, was a strong circumstance of fraud ; that the defendant seemed to be the beneficiary of the trade. He got the land, the consideration for the note." And this is complained of as being an improper mode of submitting the testimony.

We have stated again and again, that a large discretion is left to the Courts, in expressing their opinion on the truth or weight of the testimony, and the utter impossibility of prescribing limits to the exercise of this right. It is most obviously wrong, however, for the presiding Judge to single out an isolated fact, and express himself thus strongly respecting it ; it is well calculated to distort its importance in the estimation of the Jury, and to concentrate their attention too intensely upon it, to the undervaluing of the rest of the evidence. To *sum up* means, *ex vi termini*, to present all the proof to the consideration of the Jury. And unless this is done, it had better be omitted altogether. In some of the States, it is prohibited by law ; in others it is made a distinct ground of error for the Judge to intimate his opinion upon the facts, or any portion of them. And this, perhaps, is the better practice.

" When the evidence," says Judge *Blackstone*, " is gone through on both sides, the Judge, in the presence of the parties, the counsel and all others, *sums up the whole to the Jury*, omitting all superfluous circumstances, observing wherein the main question and principal issue lies, stating what evidence has been given to support it, with such remarks as he thinks necessary for their direction, and giving them *his opinion*"—upon what? the testimony or any part of it, in a question of *fraud?* No. But " upon matters of *law* arising upon that evidence." 3 *Com.* 375.

Comment is unnecessary. No better instruction could be imparted, upon this branch of the case, than what is contained in this extract. Judgment reversed.